IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-95-142-10 |
| | § | CIVIL ACTION NO. H-09-1225 |
| JORGE LUIS GARCIA, | § | |
| | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Jorge Luis Garcia's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 5962,)[1] and the United States' Answer (Document No. 5976). After reviewing Movant Jorge Luis Garcia's Motion, the Government's Answer, the record of the proceedings before the District Court in the underlying criminal case and on appeal, the earlier post conviction proceeding, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Jorge Luis Garcia's second § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 5962 ) be DISMISSED WITHOUT PREJUDICE.

---

[1] Garcia's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in civil Action H-09-1225 and at Document No. 5962 in Criminal Action H-95-142. References hereafter will be to the Criminal Docket numbers unless otherwise indicated.

I.      **Procedural History**

Movant, Jorge Luis Garcia ("Garcia"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Garcia's second attempt at § 2255 relief.

On October 10, 1996, Garcia and seventy-eight co-defendants were charged in a 196 count sixth superseding indictment, which arose out of a drug-trafficking organization headquartered in Starr County, Texas. (Document No. 19). The superceding indictment charged various defendants with narcotics distribution, money laundering, structuring, conspiracy to evade currency reporting requirements, failure to file tax forms, aiding and abetting the use of a communication facility, aiding and abetting travel in foreign and interstate commerce, conspiracy to travel in aid of a racketeering enterprise, conspiracy to obstruct justice, obstruction of justice, and continuing criminal enterprise. In particular, Garcia was charged with conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846 (count 1), conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(g) and (h) (count 5), possession with intent to distribute marijuana in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (count 7), possession with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (count 10), interstate and foreign travel or transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3) (count 19), conspiracy to violate the laws of the United States to wit:  interstate and foreign travel or transportation in aid of racketeering enterprises, in violation of 18 U.S.C.    § 1952(a)(3) and § 371 (count 20), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A) (counts 32-33). (Document No. 19). On October 16, 1997, the Government filed an Information

of Prior Conviction, in which the Government gave notice pursuant to 21 U.S.C. § 851(a)(1), that for purposes of sentence enhancement, Garcia had previously been convicted in the United States District Court for the Southern District of Texas, Corpus Christi Division, of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). (Document No. 2253). Following a nine day jury trial, Garcia was found guilty as to all counts. (Document No. 3085). (Document No. 2253). Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared, to which Garcia filed written objections.[2] (Document Nos.4063). In addition to filing objections to the PSR, Garcia filed written objections to the enhancement (Document Nos. 4076, 4095), and a Sentencing Memorandum. (Document No. 4134).

The PSR was filed on January 22, 2001, (Document No. 4121), pursuant to which Garcia's sentence was calculated as follows: Because Garcia was convicted of multiple counts, and because all the counts were closely intertwined and connected, pursuant to U.S.S.G. § 3D1.3, the offense level used to calculate Garcia's base offense level is the offense level for the most serious counts, which in Garcia's case was the conspiracy to possess with intent to distribute, which had a maximum penalty of life imprisonment. In calculating Garcia's base offense level, Garcia was held accountable for 10,862 kilograms of marijuana, which under U.S.S.G. § 2D1.1(c)(2) directed a base offense level of 36; (2) because Garcia was found to hold a managerial/supervisory position under U.S.S.G. § 3B1.1(c), his base offense level was increased by two levels; (3) and because Garcia attempted to obstruct justice during the trial by trying to dissuade witnesses from testifying against him by making

---

[2] In particular, Garcia objected to an upward adjustment of two levels for obstruction of justice under U.S.S.G. § 3C1.1, a two level "aggravating role" adjustment under U.S.S.G. § 3B1.1(c) based on his managerial role in the offense, and the calculation of monies and drug quantities attributable to the organization.

veiled threats, his base offense level was increased by two levels under U.S.S.G. § 3C1.1, for an adjusted offense level of 40. (4) With a total adjusted offense level of 40, and with a criminal history category of I, Garcia had a guideline sentence range of 292 to 365 months. On January 26, 2001, Garcia was sentenced to 292 months incarceration on counts 1, 7, and 10; 240 months on counts 5, 32, 33; and 60 months on counts 19 and 20; the sentences of which were to be served concurrent, for a total term of imprisonment of 292 months, to be followed by a ten year term of supervised release on counts 1 and 7; an 8 year term of supervised release on count 10; and a 3 year term of supervised release on counts 5, 19, 20, 32, and 33; with all the terms of supervised release to be concurrently served for a total term of supervised release of 10 years. (Document No. 4142; Transcript of Sentencing Hearing, Document No. 4201, p.42-43). The Court imposed a $550 special assessment and a fine of $6,000. (Document No. 4142; Transcript of Sentencing Hearing, Document No. 4201, p. 44). Judgment was entered on February 14, 2001. (Document No. 4177).

On January 26, 2001, Garcia filed a Notice of Appeal with the Fifth Circuit Court of Appeals. (Document No. 4152). In his direct appeal, Garcia challenged the court's denial of his motion to continue his trial setting; the court's failure to instruct the jury regarding the quantity of drugs as an element of the offense; and the admission of tape-recorded conversations without a witness to authenticate them. Garcia's sentence and conviction were affirmed by the Fifth Circuit Court of Appeals in a per curium order issued on July 11, 2002. (Document No. 4913). The mandate issued on August 2, 2002. (Document No.4913). Thereafter, Garcia filed a petition for a writ of certiorari with the United States. His petition for certiorari review was denied on November 29, 2002. (Document No. 5068). On August 12, 2003, within one year of his conviction being final, Garcia timely filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Document No.

5178). In his § 2255 motion, Garcia raised claims of ineffective assistance of counsel. According to Garcia, counsel was ineffective for failing to object on the ground that the statutory sentencing enhancement was not timely filed, failing to object to the obstruction of justice enhancement and failing to request the Court provide reasons for the obstruction of justice enhancement adjustment, and for failing to object to the managerial role adjustment or develop contrary evidence. In addition, Garcia filed a Motion for Leave to Supplement Record Pursuant to Fed.R.Civ.P. Rule 15(b) (Document No. 5380), in which he requested that he be allowed to supplement his § 2255 motion to assert a claim that his sentence enhancement was unconstitutional in light of *Blakely v. Washington*, 124 S.C. 2531 (2004)[3] because the judge, and not the jury, found facts which supported various sentencing enhancements. The undersigned Magistrate Judge, on April 13, 2005, issued a Memorandum and Recommendation which recommended that Movant's Motion to Amend be denied as futile, and that the United States' Motion to Dismiss be granted. (Document No. 5492). Garcia filed written objections to the Memorandum and Recommendation. (Document No. 5498). Judge Harmon, on September 27, 2006, adopted the Memorandum and Recommendation of the undersigned Magistrate Judge in full, denied Garcia's § 2255 motion, and dismissed the action. (Document Nos. 5684, 5685). Judge Harmon further denied Garcia's Motion for Certificate of Appealability. (Document No. 5737). Garcia appealed the denial to the Fifth Circuit Court of Appeals. On February 15, 2007, the Fifth Circuit remanded the matter for the following reason:

> In this habeas corpus case brought by a federal prisoner under 28 U.S.C. § 2255, the plaintiff seeks to appeal the dismissal of his suit and denial of his motion to vacate entered by the district court on September 27, 2006. A notice of appeal in a civil case

---

[3] Because of the intervening decision by the United States Supreme Court in *United States v. Booker,* 125 S.Ct. 738 (2005), which applied *Blakely* to the Federal Guidelines, the Court refers to both decisions as *Blakely/Booker*.

in which the United States is a party must be filed within sixty days of the entry of judgment. See Fed. R. App. P. 4(a)(1)(B). Thus, in order to be timely, the notice had to be filed on or before November 27, 2006, because the sixtieth day was a Sunday. See Fed. R. App. P. 26(a)(3).

Because the prisoner filed his notice of appeal on November 30, 2006, we treat it as a motion to extend the time to file a notice of appeal. Accordingly, we remand the case to the district court to determine whether good cause or excusable neglect existed and to return the case to this court for further action or dismissal, as may be appropriate. Fed.R.App.P. 4(a)(5)A).

Accordingly, the case is REMANDED to the district court to determine whether good cause or excusable neglect existed and after making that determination to return the case to this court for further action or dismissal, as may be appropriate. (Document No. 5759).

Pursuant to the Fifth Circuit's directive, Judge Harmon issued an Order on Remand on April 12, 2007. (Document No. 5773). The Order states:

Before the district court on remand from the Court of Appeals is petitioner Jorge Luis Garcia's ("Garcia") Notice of Appeal. (Dkt. 5733). This case was remanded for a determination of whether Garcia filed his notice of appeal on or before November 27, 2006, and if not, whether his failure to do so was the result of good cause or excusable neglect. *See United States of America v. Jorge Luis Garcia*, No. 06-20991 (5th Cir. Feb. 7, 2007). Garcia is currently in the custody of the Bureau of Prisons. Under the prisoner mailbox rule, his notice of appeal is considered filed when deposited in the prison's mail system. *See* Fed.R.Civ. P. 4(c). In this case, Garcia's Notice of Appeal is signed and postmarked as having been submitted on November 27, 2006, the last day on which Garcia could file a timely appeal. Accordingly, the court finds that Garcia's Notice of Appeal is timely. (Document No. 5773).

The docket sheet shows that Garcia took no further action with respect to his appeal and as a result it was dismissed for want of prosecution on June 18, 2007. (Document No. 5789).

On March 31, 2009, Garcia filed the instant motion. (Document No. 5962). In the instant § 2255 motion, Garcia alleges that trial counsel was ineffective for failing to object to *Booker* error, and that appeals counsel was ineffective for failing to raise sentencing errors on appeal such as the obstruction of justice adjustment, the managerial role adjustment, the § 851 enhancement, and the

6

*Booker* sentencing error. The Government has responded to Garcia's § 2255 motion. (Document No. 5976). This second § 2255 proceeding is ripe for ruling.

## II. Garcia's Section 2255 motion is successive

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Of significance for the instant action, AEDPA further amended 28 U.S.C. § 2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to 28 U.S.C. § 2244(3)(A), Garcia must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain Garcia's successive § 2255 motion. *See United States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich,* 141 F.3d 550, 554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999). Here, Garcia filed his second federal habeas motion without first obtaining Fifth Circuit authorization to do so. As a result, until Garcia obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action and it should therefore be dismissed without prejudice.

**III.     Conclusion and Recommendation**

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Movant Jorge Luis Garcia's Second § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 5962) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).

Signed at Houston, Texas, this 3RD day of September, 2009.

Frances H. Stacy
United States Magistrate Judge